**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL TINSLEY, | Civil Action No.:10-4605 (FSH) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| DR. MARINA MOSHKOVICH, et al., | |
| Defendants. | |

**APPEARANCES:**

Russell Tinsley, Pro Se
#563
STU
8 Production Way
P.O. Box CN 905
Avenel, NJ 07001-0905

**HOCHBERG**, District Judge

　　Plaintiff, Russell Tinsley, is currently confined at the Special Treatment Unit, Avenel, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff, who is civilly-committed, was transferred to New Jersey from Pennsylvania on March 12, 2010. Plaintiff states that the attorney general filed a fraudulent certification, and Plaintiff sought to use the "law room" for "legal defense activities." Defendant, Ms. Kearney, a rehabilitation counselor, refused him access. He then complained to defendant Johnson, who told him to fill out a request, and that he would talk to Ms. Kearney. After five months, Plaintiff was scheduled to use the law room, "yet, Ms. Kearney still denied [his] access and [he] was place[d] on MAP."

Plaintiff states that the staff has been infringing on his rights, denying him access to courts, and placed him on "MAP" status without due process. He argues that his "legal defense activies" were dismissed as a result.

**DISCUSSION**

**A.   Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In Ashcroft, the Supreme Court hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ....  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

>   alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>   In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949–1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>   To determine the sufficiency of a complaint under the [Iqbal] pleading regime ..., a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

4

B.    **Access to Courts Claim**

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S. Ct. at 1947-48. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

"Like prisoners, individuals who are involuntarily committed to a mental institution have the right to access the courts." Tucker v. Arnold, 361 Fed. App'x 409, 409 (3d Cir. 2010). Standing of civilly committed persons to pursue an access to courts claim is governed by Lewis v. Casey, 518 U.S. 343, 349 (1996).  See Tucker, 361 Fed. App'x at 411.  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a

5

'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir.), cert. denied, Stover v. Beard, 129 S. Ct. 1647 (2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe, 536 F.3d at 205-206 (quoting Christopher, 536 U.S. at 416-17).  For example, in Monroe, the United States Court of Appeals for the Third Circuit affirmed dismissal of inmates' access to the courts claim for failure to state a claim:

> In this case, the defendants confiscated all of the plaintiffs' ... legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes.  In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under Harbury. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous.  Nor did they maintain that they had no other remedy to compensate them for their lost claims.  Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

Monroe, 536 F.3d at 206 (citations and footnote omitted).

In this complaint, Plaintiff references "legal defense activities" which were "dismissed," but he does not inform the Court what legal defense activities he was involved in, or the reasons why they were dismissed.  Thus, Plaintiff does not sufficiently allege that he has suffered actual injury caused by defendants.  Plaintiff does not specify facts demonstrating that his claims, or "legal defense activities" were nonfrivolous.  Nor does he explain that he has no other remedy to compensate him for his lost claim.

As pled, Plaintiff's claim fails to satisfy the pleading requirement of <u>Iqbal</u>, and Third Circuit case law on access to courts claims and actual injury.  Therefore, Plaintiff's complaint will be dismissed, without prejudice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint will be dismissed, without prejudice.  If Plaintiff can cure the deficiencies of his pleading, as stated in this Opinion, he may move to reopen the case and submit an amended complaint, as set forth in the Order accompanying this Opinion.

<u>S/ Faith S. Hochberg</u>
FAITH S. HOCHBERG
United States District Judge

Dated: July 19, 2011

7